NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CAROLYN E. O'BRIEN, *Petitioner/Appellee*,

*v.*

BRENDAN T. O'BRIEN, *Respondent/Appellant*.

No. 1 CA-CV 19-0268 FC
FILED 7-14-2020

Appeal from the Superior Court in Maricopa County
No. FC2016-008037
The Honorable Justin Beresky, Judge

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

COUNSEL

Rubin & Ansel, PLLC, Scottsdale
By Yvette D. Ansel
*Counsel for Petitioner/Appellee*

Burt Feldman & Grenier, PLC, Scottsdale
By Mary Kay Grenier
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge David B. Gass[1] joined.

---

**W I L L I A M S**, Judge:

**¶1**        The superior court found that the O'Brien marital community had an equitable lien on two rental houses Brendan T. O'Brien ("Husband") owned as sole and separate property. Husband disputes the amount of the equitable liens and argues the court abused its discretion by treating his home equity line of credit ("HELOC") differently than the HELOC on the residence Carolyn E. O'Brien ("Wife") owned as sole and separate property. We hold that the superior court must recalculate the amount of the equitable lien on the Greenwich Road/North Beach ("North Beach") property and reconsider the allocation of Husband's HELOC on remand. We affirm the equitable lien on the Victoria Road/Tahoe ("Tahoe") property.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        Wife petitioned for divorce in 2016. The only issues on appeal relate to the equitable liens on Husband's separate properties and Husband's HELOC. Following trial, the superior court concluded the community was entitled to an equitable lien on three of Husband's five sole and separate California rental properties. The court included the HELOC on the North Beach property as part of the mortgage balance when calculating the equitable lien using the formula set forth in *Drahos v. Rens*, 149 Ariz. 248, 250 (App. 1985). However, the court found the HELOC on Wife's sole and separate residence was a community obligation and ordered the parties to each pay half. The court denied Husband's motion to

---

[1] Judge David B. Gass replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Judge Gass has read the briefs, reviewed the record, and watched the recording of the February 12, 2020 oral argument.

alter or amend the decree, and Husband appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) and -2101(A)(5)(a).[2]

## DISCUSSION

**¶3**     The superior court has broad discretion in allocating community property upon dissolution, and we will affirm the allocation absent an abuse of discretion. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). An abuse of discretion occurs when the record is "devoid of competent evidence to support the decision," or when the court commits "an error of law in the process of reaching [a] discretionary conclusion." *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009). On appeal, we view the evidence in the light most favorable to upholding the decree and will affirm the superior court's ruling if reasonably supported by the evidence. *Boncoskey*, 216 Ariz. at 451, ¶ 13.

**¶4**     The parties agree that the Tahoe and North Beach properties are Husband's separate property. When the community contributes capital to one spouse's separate property, the community may acquire an equitable lien against that property. *Drahos*, 149 Ariz. at 249. When mortgage payments have been made with community funds, courts apply the "value-at-dissolution/enhanced-value formula" set forth in *Drahos* to determine the amount of the community's equitable lien. *Id.* at 250. "The community property equitable lien interest is determined by adding the principal balance paid by the community to the product of the community property principal payments divided by the purchase price times the appreciation in value." *Id.*

*I.     North Beach Property*

**¶5**     The superior court, adopting the calculations done by Wife's financial expert, found the community had an equitable lien of $394,481 on the North Beach property. Husband argues this finding is erroneous because Wife's expert improperly included the HELOC on the property in the mortgage balance when calculating the equitable lien. Husband also challenges the appraisals Wife's expert relied on in calculating the equitable lien.

---

[2] The order denying the motion to alter or amend did not contain the language required by Arizona Rule of Family Law Procedure 78, so this court stayed the appeal to allow the superior court to include the appropriate language in a final order. Upon entry of that order, the appeal was reinstated.

    *A.*     *The Record Does Not Support Including Husband's HELOC in the Mortgage When Calculating the Equitable Lien*

**¶6**      The *Drahos* formula requires that the superior court determine how much principal the community contributed to the separate property. *Id.* Thus, the parties must provide evidence of the mortgage balance on the date of the marriage and on the date of service. Husband contends that Wife's financial expert improperly included the $100,000 HELOC when he stated that the North Beach mortgage was $938,091 on the date of the marriage (January 1, 2005). According to Husband, the mortgage on the date of marriage was $837,957.

**¶7**      Husband contends that on the date of marriage, there was no HELOC on the North Beach property. The information Husband provided to Wife's financial expert shows that the $100,000 HELOC on the North Beach property was taken out after the date of marriage, on February 24, 2005. Wife's expert confirmed this at trial. Thus, the evidence at trial showed that the mortgage balance on the date of marriage was $837,957.

**¶8**      Wife argues that the treatment of the HELOC was reasonable because her expert properly included the HELOC as part of the mortgage balance on the date of the marriage but not in the mortgage balance on the date of service. According to Wife's expert, this was appropriate because the HELOC existed on the date of marriage and was paid down to zero and replaced with a different HELOC for the same amount by the date of service. Wife's expert opined that it is appropriate to include a HELOC in the *Drahos* calculation if that HELOC existed at the time of the marriage and at the time of service and was used to improve the property. However, Wife's reliance upon this testimony is misplaced because the undisputed evidence showed there was no HELOC on the North Beach property on the date of the marriage. This debt was incurred after the marriage. There was no reason, therefore, to include the HELOC in the mortgage balance on the date of the marriage.

**¶9**      The underlying premise of Wife's expert's *Drahos* calculation was incorrect. Because the court adopted this calculation, its finding was not based upon reasonable evidence, and we must reverse the findings regarding the amount of the equitable lien on the North Beach property. *See Hurd*, 223 Ariz. at 52, ¶ 19 (appellate court will affirm factual findings reasonably supported by the evidence). On remand the court must recalculate the equitable lien using $837,957 as the correct amount for the mortgage balance on the date of marriage.

B.     *The Superior Court Did Not Abuse its Discretion by Accepting Wife's Appraisals*

**¶10**     To determine the amount of the community's equitable lien, Wife provided appraisals of Husband's separate properties for the date of marriage and the date of service. Wife's expert relied on these appraisals to calculate the equitable lien. Husband contends these were unreliable "desktop appraisals." Contrary to Husband's contention, Wife's expert did not concede these appraisals were unreliable; rather he stated the "desktop" nature of the appraisals was one of several factors he considered when assessing their reliability. Wife's expert found these appraisals were more reliable than Husband's 2005 bank appraisal because, in his opinion, bank appraisals done in 2005 were generally inflated due to market conditions. He found the appraisals Wife provided were "thorough and accurate" and "appeared [as] detailed as a formal appraisal, in [his] opinion would be."

**¶11**     Wife's appraiser's report noted that Husband's appraisals were provided by a realtor, who uses different guidelines than those an appraiser must use. Additionally, Wife's appraiser also noted that retroactive appraisals are, by necessity, based upon historical data and not a physical inspection. Although Husband disagrees with the appraisal values Wife offered, the superior court, as the fact finder, determines what weight to give conflicting evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). On appeal, we defer to that determination and do not reweigh the evidence. *Id.* The evidence supports the North Beach property valuation on which the court relied.

II.     *Husband's HELOC*

**¶12**     Although the superior court erred in including Husband's HELOC within the mortgage balance when calculating the equitable lien on the North Beach property, Husband does not dispute that the HELOC debt exists. Therefore, the court must allocate this debt.

**¶13**     Husband contends the superior court erred in finding his HELOC was used to improve his separate property. Husband cites a footnote in the decree in which the court, when allocating "community debts," stated that "[u]nlike the HELOC's [sic] [Husband] incurred, which had no direct benefit to the community but instead were used for the purpose of expanding, improving and/or maintaining his sole and separate property, [Wife's] HELOC was used for the benefit of the community." As discussed above, the court had already included Husband's HELOC as part of the overall *Drahos* calculation. Therefore, in making this statement, the

court was not characterizing Husband's HELOC as a community or separate debt for allocation purposes. Because the court incorrectly included the HELOC in the *Drahos* calculation, we remand for the court to consider the community or separate nature of this debt and allocate it accordingly.

¶14 Wife argues Husband did not ask the superior court to treat his HELOC as a community obligation, implying that he has waived any claim that it is a community debt. Husband did, however, argue that the court should treat the parties' HELOC debt the same. Husband's argument that he spent the funds for the benefit of the community is a factual issue the superior court must decide in the first instance. On remand, the court should apply the presumption that debts incurred during marriage are a community obligation, and the spouse challenging this presumption must establish by clear and convincing evidence that it is a separate debt. *In re Marriage of Flower*, 223 Ariz. 531, 537, ¶ 24 (App. 2010).[3]

III.    *Tahoe Property*

    A.    *The Record Does Not Support the Finding Regarding the Mortgage Balance on the Date of Marriage*

¶15 Husband argues that the superior court abused its discretion because the equitable lien on the Tahoe property was based upon an incorrect mortgage balance amount on the date of the marriage. Wife's expert concluded that the mortgage balance was $374,305 on the date of marriage and $264,666 on the date of service, so that the community paid $109,639 towards the principal.

¶16 At trial, Husband provided a mortgage loan summary from the bank which showed the mortgage balance of $350,000 on January 1, 2005, and a mortgage balance of $273,227 on September 1, 2016. Wife's expert explained that he determined a mortgage balance on the date of marriage by preparing "an amortization schedule based on the information [he] had in order to try and approximate the mortgage paydown, because [he] did not have the reference that clearly showed it." However, he had no reason to believe the mortgage schedule Husband offered at trial was incorrect.

---

[3] In light of our disposition on appeal, we do not address Husband's argument that the court abused its discretion by denying his motion to alter or amend the decree.

¶17 Husband contends the superior court abused its discretion when it adopted Wife's equitable lien calculation because it was based on an incorrect figure for the mortgage on the date of marriage. Generally, we defer to the superior court as the fact finder and will affirm the court's findings when the evidence is conflicting. *See Gutierrez*, 193 Ariz. at 347, ¶ 13. Despite his report stating a different amount, Wife's expert admitted he approximated the mortgage amount and did not question the mortgage schedule which showed that the mortgage balance on the date of marriage was $350,000. Considering this testimony and the evidence Husband offered at trial, the finding regarding the amount of the equitable lien is not based on reasonable evidence. We therefore remand for recalculation of the equitable lien on the Tahoe property using the $350,000 mortgage balance on the date of the marriage.

> B. *The Superior Court Did Not Abuse its Discretion by Accepting Wife's Appraisals*

¶18 As he did for the North Beach property, Husband contends Wife offered unreliable appraisals of the Tahoe property. For the reasons explained, *supra* ¶¶ 10-11, the superior court did not abuse its discretion.

*IV. Attorneys' Fees and Costs on Appeal*

¶19 Wife requests an award of attorneys' fees and costs on appeal under A.R.S. § 25-324. In the exercise of our discretion, we decline to award either party their costs or fees on appeal.

## CONCLUSION

¶20 We reverse the findings as to the amount of the equitable lien on the North Beach property and remand for recalculation as stated above. We also instruct the court to allocate Husband's HELOC on remand. We further reverse the finding of the mortgage balance on the Tahoe property on the date of marriage and remand for recalculation of any equitable lien. In all other respects, we affirm the decree.



AMY M. WOOD • Clerk of the Court
FILED: AA